UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**Nicole Hushla,**

          Plaintiff,

   v.

**City of Rochester, et al.,**

          Defendants.

**AMENDED SCHEDULING ORDER**

22-cv-6039-FPG-MJP

---

**PURSUANT TO** the order of the Hon. Frank P. Geraci, Senior District Judge referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having submitted a joint discovery plan, (ECF No. 45), pursuant to Fed. R. Civ. P. 16, it is

**ORDERED** that

1. **Mandatory disclosures.** The deadline for the parties' compliance with the mandatory initial disclosure requirements of Fed. R. Civ. P. 26 shall be March 8, 2024.

2. **Defendants** shall supply *Monell* related information by March 30, 2024.

3. **Motions to amend.** The deadline for the parties to join or add parties or to amend the pleadings has passed.

4. **Close of discovery.** All non-*Monell* fact discovery shall be completed by June 30, 2024. *Monell* discovery shall be completed by December 31, 2024.

5. **Experts.** Plaintiffs shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by May 31, 2024. *Monell* witnesses and reports are due on or before August 31, 2024. Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by June 30, 2024 and *Monell* witnesses and reports by September 30, 2024. All parties shall complete all discovery relating to initial experts by August 30, 2024 and all *Monell* related depositions completed before February 15, 2025. **The parties are directed to submit additional proposed deadlines should rebuttal experts be required.**

6. **Motions to compel.** The parties shall file any motions to compel discovery no later than June 30, 2024.

7. **Dispositive motions.** Non-*Monell* dispositive motions shall by filed by August 30, 2024. *Monell* related dispositive motions are due by no later than April 15, 2025.

8. **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore,

letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

9. **Extensions.** Requests to extend the cut-off dates may be granted upon written application, made before the applicable cut-off date, and showing good cause for the extension. Applications for extensions should be made to the undersigned. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter motion to the Court. Letter motions for an extension must detail good cause for the extension and propose specific new dates that fall on a business day.

10. **Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order. *See* Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated:   April 29, 2024
        Rochester, NY          */s/ Mark W. Pedersen*
                                      MARK W. PEDERSEN
                                      United States Magistrate Judge